Timothy SITU, Plaintiff—Appellant,

v.

NORTHROP GRUMMAN CORPORATION; Mike Parrot; Steve Curry, Defendants—Appellees.

No. 01–56466.
D.C. No. CV–00–00475–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 24, 2002.

Before HUG, BRUNETTI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Plaintiff Timothy Situ appeals the district court's decision to enforce a settle-

ment agreement and denial of an evidentiary hearing. This court has jurisdiction under 28 U.S.C. § 1291. A district court's decision to enforce a settlement agreement and deny an evidentiary hearing are reviewed for abuse of discretion. *See Doi v. Halekulani Corp.,* 276 F.3d 1131, 1136 (9th Cir.2002); *Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987). A district court abuses its discretion when there is a clearly erroneous assessment of the evidence. *K.V. Mart Co. v. United Food and Commercial Int'l Union Workers, Local 324,* 173 F.3d 1221, 1223 (9th Cir.1999).

The district court found that the partially handwritten agreement executed by the parties at the conclusion of mediation session on April 25, 2001 contained all the essential elements of a contract and constituted a final settlement of the case. This conclusion is bolstered by the stipulation of the parties that the suit had been settled. There is nothing in the agreement which indicates that it was not to take effect until it was "effectuated" by the submission of a later written document to which the parties attached their signatures. The language of the signed agreement stated that the contract was binding and enforceable.

We hold that the district court acted within its discretion in denial of the evidentiary hearing and because the district court's judgment was not clearly erroneous in light of the evidence, we AFFIRM.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.